

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00105-CR

_____

TIMOTHY PAUL BATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CR1301437

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Timothy Paul Bates has filed a pro se appeal from a misdemeanor conviction for driving while intoxicated. Bates was sentenced to 180 days in jail, probated for twelve months, and a $400.00 fine. Bates was represented by retained counsel at trial, but has actively chosen to represent himself on direct appeal. Bates is presently free on bond. On August 21, 2014, we wrote to him, pointing out that although the clerk's record in his appeal had been filed, he had not paid for preparation of the reporter's record of the trial and that it was then three weeks late, having been due on July 14, 2014. The court reporter had contacted him by telephone and, July 8, 2014, by certified mail, informing him of its cost. Bates took no action after that time.

We reminded him that as a non-indigent person, it was his responsibility to pay for preparation of the record and provided him with an additional ten days to take action to obtain the record. We further informed him that if he failed to obtain a reporter's record, his brief would be due by September 22, 2014, and we warned him explicitly that if he did not file his brief by that date, we might consider and decide his appeal without a brief, as allowed by Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b)(4).

Bates has not contacted this Court to offer any explanation or excuse for his failure to file a brief and has not otherwise responded to this Court since the filing of his notice of appeal.

As required by Rule 38.8(b) of the Texas Rules of Appellate Procedure, we abate this appeal to the trial court to conduct a hearing and make appropriate findings and recommendations. *See* TEX. R. APP. P 38.8(b)(2), (b)(4). The trial court's hearing, and its subsequent findings and recommendations, should address the following:

(1)     Bates' current financial status. The trial court is instructed to enter a finding, if possible, either (a) that Bates' financial condition has not significantly changed since it was last evaluated or (b) that at the time of the hearing, a substantial change in Bates' financial status has rendered him indigent. We note that confirmation from Bates that he does not claim to be indigent is enough to satisfy this requirement.

     (a)     Should the trial court determine that due to a change in Bates' financial condition he is now indigent, then the trial court shall immediately appoint counsel to represent Bates on appeal.

(2)     Whether Bates desires to prosecute his appeal.

     (a)     If the trial court finds that Bates is not indigent and does desire to prosecute his appeal, then the court should determine whether Bates has "made the necessary arrangements for filing a brief." *See* TEX. R. APP. P. 38.8(b)(4). In making this determination, the trial court may consider, to the extent discernable, such factors as the steps Bates has taken to prepare and file a brief, the amount of time Bates has had to prepare and file a brief, and whether there are factors at play that give Bates incentive not to prepare and file a brief. We note that this is neither an exclusive nor a required list of factors to be considered.

     (b)     Based on its findings under (2)(a) above, the trial court should then offer a recommendation to this Court as to whether Bates' appeal should be considered without briefs.

This hearing shall occur within twenty-one days of the date of this order.

The trial court's findings shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. The reporter's record of the hearing shall also be filed in each case in the form of a supplemental reporter's record within fifteen days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

3

IT IS SO ORDERED.

BY THE COURT

Date:  October 2, 2014